LANATA, GANDOLFO & Co. *v.* SHIP HENRY GRINNELL, MASTER AND OWNERS.

The captain of a vessel may keep the goods unless the shipper or consignee shall give him security for the payment of the freight. C. C. 3213. But he cannot demand payment before giving the consignee an opportunity to inspect the condition of the shipment, and he is bound upon the consignee's tendering the freight money, to place the whole lot of goods comprising the shipment on the levee, separate from other goods subject to the inspection of the consignee.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

C. *Dufour*, for plaintiffs.   *Durant & Horner*, for defendants and appellants.

SPOFFORD, J.   The plaintiffs sued for the value of a lot of cheese consigned to them per ship Henry Grinnell.

The controversy between the consignees and the carrier is really reduced to the question, whether there was a legal delivery or offer of delivery by the defendants ; for upon that point, turns the propriety of their demand to charge the plaintiffs with drayage and storage.

The weight of evidence tends to the conclusion, that the plaintiffs were not allowed a proper opportunity to inspect the lot shipped to them before exacting payment of the freight.   They tendered a payment of the entire freight bill upon an entire delivery of the goods, which was refused.   Some of the testimony goes so far as to say, that the plaintiffs were prohibited from touching a box until the entire freight was paid, although a considerable part of the shipment was still in the hold.   And the defendants admit that they demanded *pro rata* freight upon the boxes placed upon the levee before the consignees could have an opportunity of seeing whether the rest of the boxes on board the ship were in good order.

The captain might have demanded security of the plaintiffs for the payment of the freight, and in default thereof have kept the goods.   C C. 3213.   But he did not demand security.   He demanded the money before giving the consignee an opportunity to inspect the condition of the shipment.   This was more than he had a right to demand.   "The master cannot detain the goods on board the ship until the freight be paid, for the merchant ought to have an opportunity to examine the condition of the goods previous to payment."   3 Kent Com. 214.   And the whole lot of cheese shipped to the plaintiffs should have been placed separately from other goods upon the levee, subject to their inspection, upon their tendering the freight money.

The defendants acted hastily in warehousing the goods before the consignees were in default for not receiving them, and the judgment is correct.

Judgment affirmed.